UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEPHEN STOUTE,<br>      Plaintiff,<br><br>      v.<br><br>NAVIENT,<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>19-11362-IT |

## ORDER

**TALWANI, D.J.**

Stephen Stoute ("Stoute") initiated this civil action by filing a *pro se* Complaint [#1] against Navient. By Memorandum and Order [#4] dated July 2, 2019, Stoute was granted leave to proceed *in forma pauperis* and was advised that the complaint fails to allege any facts that could support a claim against the defendant. Stoute was directed to show in writing why this action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

On July 19, 2019, Stoute filed a revised complaint which was entered on the docket as an Amended Complaint [#5]. The amended complaint is neither signed nor dated. Am. Compl. at p. 4. The last page of the amended complaint lists "applicable laws" as follows: "-12 U.S. Code subsection 1831n(a)(2)(A)[;] - 12 U.S. Code subsection 741.6b[;] – FDCPA section 807, 2a, 7, 8 and 10[;] – First Amendment[; and] – GAAP (Generally accepted accounting principles)." *Id.*

Stoute's amended complaint states that Navient sought to collect payments for a loan and failed to respond to Stoute's "18 question inquiry." Am. Compl. at p. 1. Stoute states that pursuant to "GAAP (Generally accepted accounting principles) and Federal Reserve Publications," Stoute became the lender and Naviant "was the borrower." *Id.* Stoute states that

Naviant "claims they have loan papers with [Stoute's] name on it as evidence of a debt" and that Stoute disputes "who loaned what to whom regarding the alleged loan." *Id.* at p. 3. Stoute alleges that Naviant "provided false and misleading representation to the credit bureau and continues to attempt to collect on a debt thus violating FDCPA, and more specifically Section 807 2a, 7, 8 and 10." *Id.*

Even with the more liberal construction accorded a *pro se* litigant's pleading, the amended complaint fails to provide any plausible factual matter that, if accepted as true, would allow Stoute to prevail on any identifiable cause of action. Stoute's claim under the First Amendment is subject to dismissal because the defendant is not a state actor. *Estades–Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005) (if a plaintiff fails to allege facts sufficient to show that the "defendants acted under color of state law, then [a Section] 1983 claim is subject to dismissal").

Stoute cannot proceed under 12 U.S.C. § 1831n(2)(A)[1] because this statute does not create a private of action. *Anthony v. Cattle Nat. Bank & Tr. Co.*, 684 F.3d 738, 739 (8th Cir. 2012) (per curiam) (there is no private right of action under Section 1831n).

To the extent Stoute alleges that Naviant violated Section 807 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., the amended complaint has not described any actions by Naviant that violate this statute. To show a violation of the FDCPA, Stoute must establish the following three elements: "(1) that [he] was the object of collection activity arising from consumer debt, (2) defendant[ ] [is a] debt collector[ ] as defined by the FDCPA, and (3) defendant[ ] engaged in an act or omission prohibited by the FDCPA." *O'Connor v. Nantucket*

---

[1] Section 1831n(2)(A) states that "the accounting principles applicable to reports or statements required to be filed with Federal banking agencies by all insured depository institutions shall be uniform and consistent with generally accepted accounting principles." 12 U.S.C. § 1831n(2)(A).

*Bank*, 992 F. Supp. 2d 24, 30 (D. Mass. 2014). The amended complaint offers no facts to suggest Naviant engaged in prohibited activity and Stoute's conclusory statements are insufficient.

Finally, Stoute's reliance on 12 U.S.C. § 741.6b is misplaced as sections 741 to 747 of that statute have been repealed. See Pub.L. 92-181, Title V, § 5.26(a), Dec. 10, 1971, 85 Stat. 624.

Based upon the foregoing, and in accordance with the Court's Memorandum and Order dated July 2, 2019, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**So ordered.**

/s/ Indira Talwani
United States District Judge

Dated: September 19, 2019